United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2006**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 05-61067
Summary Calendar

W. CATRELL LEASHORE

Plaintiff - Appellant,

v.

MCI WORLDCOM; SKYTEL COMMUNICATIONS; BILLY CRAFT; JOHN DOES

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
No. 3:04-CV-00277

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

W. Catrell Leashore was terminated from his position as a telecommunications technician at MCI after committing mistakes during the relocation of a billing system from one MCI facility to another. Leashore, who is African-American, contends that he was

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terminated in violation of Title VII of the Civil Rights Act of 1964.[1] He specifically alleges that MCI unlawfully discriminated against him by terminating him for making mistakes while not terminating similarly situated Caucasian employees who made similar mistakes. MCI moved for summary judgment on the grounds that Leashore failed to make a prima facie case of discrimination because he did not identify any similarly situated employees who were treated more favorably. The district court agreed with MCI and granted its motion for summary judgement. Leashore brings this appeal.

We review motions for summary judgment *de novo* and apply the same legal standards as the district court.[2] A plaintiff can make a prima facie case of discrimination by establishing that he "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably."[3] While Leashore meets the first three requirements, he does not meet the fourth. Although he broadly claims that other Caucasian employees made mistakes for which they were not terminated, he fails to show that the circumstances under which these employees were not terminated were "nearly identical" to his own.[4] On the evidence presented, no reasonable juror could conclude that Leashore

---

[1] 42 U.S.C. § 2000e et seq. (2000).

[2] *Willis v. Coca-Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

[3] *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

[4] *See Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004).

received disparate treatment in violation of Title VII, and summary judgment is therefore appropriate due to Leashore's failure to make a prima facie case. We AFFIRM.